IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

CRAYOLA PROPERTIES, INC.,
and
CRAYOLA LLC,

        Plaintiffs,

  v.

ALEX TOYS LLC,

        Defendant.

Civil No. 4:14-cv-992

## Complaint

COME NOW PLAINTIFFS, Crayola Properties, Inc. and Crayola LLC, for their Complaint against Defendant Alex Toys LLC, and allege as follows:

### Parties

1. Plaintiff Crayola Properties, Inc., a wholly owned subsidiary of Hallmark Cards, Incorporated, is a corporation duly organized under the laws of the State of Delaware with its principal place of business located at 1100 Church Lane, Easton, Pennsylvania, 18042.

2. Plaintiff Crayola LLC, a wholly owned subsidiary of Hallmark Cards, Incorporated, is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business located at 1100 Church Lane, Easton, Pennsylvania, 18042.

3. Upon information and belief, Defendant Alex Toys LLC ("Defendant") is a New Jersey company with a principal place of business at 40 Lane Road, Fairfield, New Jersey 07004.

**Jurisdiction and Venue**

4. This is an action for counterfeiting, trademark dilution, trademark infringement, and unfair competition, arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the common law of the State of Missouri.

5. This Court has jurisdiction over the subject matter of the complaint pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331; 28 U.S.C. § 1338(a), and over the unfair competition cause of action under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant owns and operates a website, further described below, which advertises Defendant's goods to residents of the State of Missouri and throughout this judicial district. Moreover, Defendant sells goods subject to this dispute in retail toy stores in Missouri, including this judicial district. Thus, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Missouri long arm statute, due to at least Defendant's substantial business in this forum, including, but not limited to: (1) at least a portion of the infringements and unfair competition alleged herein; and (2) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Missouri and in this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims stated herein occurred in this judicial district and Defendant is subject to personal jurisdiction in this judicial district.

**Facts Common to All Counts**
**Crayola's Background and Trademarks**

8. Crayola Properties Inc. owns all pertinent marks referenced herein, and has exclusively licensed those marks to Crayola LLC for use in connection with visual and creative expression products, including, but not limited to, crayons. Plaintiffs will be collectively referred to as "Crayola."

9. The CRAYOLA mark has been used since at least as early as June 31, 1905 by Crayola and Crayola's predecessors in interest with respect to the CRAYOLA marks on goods including, without limitation, crayons, chalk, crayon sharpeners, markers, modeling clay, art kits, art supplies, art materials, and many others. The CRAYOLA mark was coined by Alice Binney, the wife of company co-founder Edwin Binney, from "craie," the French word for chalk, and "ola," from "oleaginous," meaning oily.

10. Crayola has promoted its goods and services under the CRAYOLA mark through a variety of media. Crayola has spent substantial time, money, and effort developing crayon products and related goods, designs, forms of advertisement, and slogans, which Crayola has actively, continuously, and prominently used in interstate commerce in association with its goods and services. To this date, Crayola has sold over 200 billion crayons bearing the CRAYOLA mark and Crayola continues to produce nearly 3 billion Crayola crayons each year. Crayola has spent substantial sums advertising products under the CRAYOLA mark. By virtue of over 100 years of extensive sales, advertising, and promotion, the CRAYOLA mark, has acquired extensive common law trademark rights and goodwill throughout the United States.

11. For purchasers, potential purchasers, and members of the general public, the CRAYOLA mark is famous and symbolizes the affection, favorable recognition, and substantial goodwill that are associated with Crayola. The CRAYOLA mark is nearly universally recognized

by the vast consuming public of the United States. An overwhelming majority of consumers think of the CRAYOLA mark without prompting when asked to name a brand of crayons. The United States Postal Service has honored the extraordinary popularity associated with Crayola brand products and the CRAYOLA mark by issuing a stamp depicting the original green and yellow Crayola box as part of a series of stamps designed to salute the most memorable people, places, events and trends of the 20th Century. The extraordinary popularity associated with Crayola brand products and the CRAYOLA mark is forever enshrined at the Smithsonian Institution where a permanent display featuring many Crayola brand products has been constructed.

12. Crayola brand products bearing the CRAYOLA mark can be found in a wide range of retail outlets, including food, drug and mass merchandise, stationary and toy stores throughout the United States. Moreover, Crayola products are not specialty products, rather they are widely purchased for and used by children between the ages of 3 and 12.

13. Crayola maintains over 20 registrations for CRAYOLA and marks consisting of or containing the term CRAYOLA with the United States Patent and Trademark office, a portion of which being summarized in the following table:

| Trademark | Goods/Services | Status/Status Date | Exhibit |
| --- | --- | --- | --- |
| CRAYOLA | (Int'l Class: 16) Crayons | Registered: April 30, 1957 | A |
| CRAYOLA | (Int'l Class: 16) Crayon Sharpeners | Registered: July 18, 1961 | B |

| | | | |
|---|---|---|---|
| CRAYOLA | (Int'l Class: 12, 16, and 28) Paints, colors, chalk; crayons, crayon sharpeners, markers, modeling clay, art kits, art supplies and art materials comprising art brushes, art rubbing boards, art supplies and materials carrying cases, art drawing paper, art guide sheets and instructions, chalkboards, tables constructed to hold easels upright, easels, erasers, paint and color mixing cups, picture transfer sheets, pencils, retainer trays for art materials and supplies, sketch pads, sketch pad holding clips, stencils, tracing paper, wipe-off crayoning pads; coloring kits, supplies and materials comprising coloring instructions, coloring books, coloring supplies and materials polymeric storage bags, coloring scroll story box, drawing transfer sheets, drawing transfer rubbing sticks, punch-out and pre-cut coloring designs, pre-printed drawing sheets, wipe clean coloring surfaces; play books; coloring books; craft kits, craft supplies and craft materials for children and young people comprising art and craft glue, clay sculpting boards, clay sculpting tools, craft project booklets, worksheets and instructions, craft brushes, clay glazing material, craft materials and supplies carrying pouches, craft card Games, ] craft drawing boards, construction paper, clay modeling mats, clay modeling material storage trays, pre-printed and plain drawing paper, modeling forms, painting medium, painting Medium dispensers, playboards, scissors, tracing paper, tracing workboards, coloring mugs, coloring dining plates, coloring dining plates display stands, coloring dining polymer placemats, Coloring dining placesettings, wipe-off game boards, hobby kits comprising crayoning and coloring games, game materials retainer trays, game instructions. | Registered: May 29, 1984 | C |
| CRAYOLA | (Int'l Class: 35) Retail store services featuring paints, crayons, markers, chalk, greeting cards, photo albums, modeling clay, art supplies, hobby kits, mugs, picture frames, figurines, watches, computer software, cameras, calculators, backpacks, tote bags, luggage, bedding and linens, clothing, plush toys and Christmas ornaments.<br>(Int'l Class: 42) Restaurant Services. | Registered: August 28, 2001 | D |

14. The forgoing marks are presently alive, in good standing, unrevoked, uncancelled, and incontestable. The certificates of registration and U.S. Patent and Trademark database status pages are attached as Exhibits A-D, and serve as prima facie evidence of Crayola Properties' ownership of the forgoing marks, the validity thereof, and the exclusive right of Crayola Properties' and its licensees to use the mark shown therein in connection with the goods and services set forth in the certificates of registration.

15. These registrations as well as the significant common law rights that have been developed over time shall collectively be referred to hereafter as the "CRAYOLA Mark."

16. Crayola has actively and prominently promoted the CRAYOLA Mark in its advertisements, including, but not limited to, television advertising, internet websites, print advertising, in its stores and restaurants, business directories, and on business cards.

17. Crayola has expended substantial amounts of money promoting its CRAYOLA Mark and has enjoyed the exclusive use of the CRAYOLA mark for an extensive period of time for itself and its licensees. As such, the CRAYOLA Mark serves to identify Crayola as the source of the goods and services bearing the mark.

### Defendant's Infringing Conduct

18. Upon information and belief, Defendant manufactures, distributes, offers for sale, and sells crayons branded as CRAYOLA and CRAYOLAS (the "Infringing Marks") across the United States and beyond through various retail outlets and also through various websites owned by Defendant including but not limited, www.alextoys.com (the "Alex Website").

19. Defendant offers for sale through the retail warehouse store Costco, a product called the COLOSSAL ART SET, which includes 40 crayons. The COLOSSAL ART SET described below was purchased at a Costco store within this judicial district. Each crayon in the COLOSSAL ART SET prominently bears the Infringing Mark CRAYOLA printed on the crayon wrapper as depicted in the images directly below.





True and correct depictions of the individual crayons prominently displaying the Infringing Mark CRAYOLA are also attached as Exhibit E.

20. The Alex Website offers for sale a 100-piece crayon bucket—entitled "CRAYONS (100)"—prominently identified with a plural variation of the CRAYOLA Mark—CRAYOLAS as depicted in the image directly below.



A true and correct copy of the product from the Alex Website is attached as Exhibit F.

21. A search of the Alex Website revealed numerous other products consisting of, or including, crayons. A true and correct copy of the "Crayon" search-results page (accessed November 4, 2014 at http://www.alextoys.com//?s=Crayon&x=0&y=0) is attached as Exhibit G.

22. Upon information and belief, individual crayons in other products sold through the Alex Website bear the Infringing Marks.

23. Additionally, Defendant distributes and sells products prominently displaying the Infringing Marks at hundreds of physical retail locations throughout the United States and elsewhere. The physical retail locations wherein Defendant's products prominently displaying the Infringing Marks are sold include 'Alex Brands Boutique' stores and unaffiliated retail outlets. The Alex Website provides a 'store locator' feature that can be accessed at

http://www.alextoys.com/store-locator/).  Entering the address of the Western District of Missouri provides the locations of four retail locations offering Alex products, including one within walking distance of the main entrance to the Charles Evans Whittaker Courthouse.

24. The Defendant has recently hired Crayola's former General Manager of Sales, Darren Silverman ("Silverman"), as its Executive Vice President of Sales in an apparent effort to improve the marketing of its products.  The Defendant has publicly boasted that Silverman's 20 years of experience with Crayola will substantially enhance the sales of consumer packaged goods.  Considering Silverman's thorough understanding of Crayola's marks and extensive experience in marketing Crayola products under the CRAYOLA Mark while employed by Crayola, and further considering the nature of his current employment with Defendant, Defendant's Infringing Use of the CRAYOLA Mark constitutes willful infringement. True and correct copies of Defendant's statements regarding its hiring of Silverman are attached as Exhibit H.

## Count 1 – Trademark Counterfeiting
## 15 U.S.C. § 1114

25. Crayola incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

26. Crayola and its predecessors in interest with respect to the CRAYOLA Mark have used the CRAYOLA Mark continuously and consistently for a significant period of time—more than a century—to advertise its goods and services.  Crayola's use of the CRAYOLA Mark in interstate commerce has indelibly impressed on the consuming public's minds the impression that the CRAYOLA Mark identifies Crayola as the source of its goods and services.  Thus, the CRAYOLA Mark serves to identify Crayola as the source of the goods and services bearing the CRAYOLA Mark because the relevant consumers have come to associate the CRAYOLA Mark with Crayola.

27. Defendant adopted and used the Infringing Marks as shown on its various Websites and products more than 100 years after Crayola first began using the CRAYOLA Mark.

28. As alleged above, Defendant has used a spurious designation that is identical with, or substantially indistinguishable from, Crayola's CRAYOLA Mark on goods and services covered by the registration for the CRAYOLA Mark.

29. Upon information and belief, Defendant has intentionally and willfully used its spurious designation knowing it is counterfeit in connection with the advertising, sale, and offering for sale goods and services for Defendant's private financial gain and such intentional and willful conduct by Defendant makes this an exceptional case. Crayola has been and will continue to be irreparably harmed by such infringement unless this Court enjoins Defendant from its continuing infringement pursuant to 15 U.S.C. § 1116.

30. Defendant's use of Crayola's CRAYOLA Mark in connection with the advertising and sale of counterfeit goods and services constitutes Defendant's use of the CRAYOLA Mark in commerce.

31. Defendant's willful and deliberate actions constitute counterfeiting of Crayola's federally registered marks, in violation of Sections 32(1) and 34(d) of the Lanham Act, 15 U.S.C. § 114(1) and 1116(d), and cause damage to Crayola. Defendant's acts as set forth herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Such conduct entitles Crayola to injunctive relief, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees or, at Crayola's election, statutory damages of up to $2,000,000 per counterfeit mark per type of goods and services advertised, sold, and offered for sale, pursuant to 15 U.S.C. § 1117(c)(2).

**Count 2 – Trademark Dilution**
**15 U.S.C. § 1125**

32. Crayola incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

33. As a result of, among other things, Crayola's continuous and substantial use and extensive advertising and publicity of the CRAYOLA Marks throughout the United States in connection with Crayola's goods and services, the CRAYOLA Marks have become distinctive and famous, and have been so since well before Defendant's unauthorized use of the Infringing Marks.

34. Defendant's unauthorized use of the Infringing Marks has diluted and will continue to dilute the distinctive quality of the famous CRAYOLA Mark, and was willfully intended to lessen and dilute the distinctive quality of such marks and to trade on Crayola's established reputation.

35. Defendant's unauthorized use of the Infringing Marks in connection with its commercial activities constitutes a commercial use in interstate commerce.

36. Defendant's actions constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

37. As a result of Defendant's unlawful acts, Crayola has suffered, and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

38. Defendant's unlawful acts will continue to cause irreparable injury to Crayola unless enjoined. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c)(2).

39. Because Defendant willfully intended to trade on Crayola's reputation and cause dilution of Crayola's famous trademarks, Crayola is entitled to damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## Count 3 – Trademark Infringement
## 15 U.S.C. § 1114

40. Crayola incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

41. Crayola has used the CRAYOLA Mark continuously and consistently for an extended period of time to advertise its goods and services. Crayola's use of the CRAYOLA Mark in interstate commerce has indelibly impressed on the consuming public's minds the impression that the CRAYOLA Mark identifies Crayola as the source of its goods and services. Thus, the CRAYOLA Mark serves to identify Crayola as the source of the goods and services bearing the CRAYOLA Mark because the relevant consumers have come to associate the CRAYOLA Mark with Crayola.

42. Defendant adopted and used the Infringing Mark as shown on its various Websites and products more than 100 years after Crayola first began using the CRAYOLA Mark.

43. Defendant's adoption and use of the Infringing Mark, including on its products, product packaging, and the webpages accessible on the Alex Website, to identify Defendant's goods and services constitutes use of a copy and colorable imitation of Crayola's CRAYOLA Mark, and is likely to cause confusion, mistake, or to deceive the purchasing public into believing that the goods and services of Defendant emanate from the same source of the goods and services previously provided by Crayola, or that there is some connection, sponsorship, or affiliation between the goods and services of Crayola and Defendant, all of which are contrary to fact.

44. Crayola has no control over the nature and quality of the goods and services of Defendant. Any failure, neglect, or default by Defendant in providing goods or services will reflect adversely on Crayola as the believed source or origin thereof, which will hinder Crayola's effort to continue to protect its outstanding reputation in the industry and subject Crayola to loss of sales

and service and the considerable expense to promote its goods and services in association with the CRAYOLA Mark, all to the irreparable harm of Crayola.

45. Defendant's conduct constitutes an infringement of Crayola's CRAYOLA Mark, and is actionable under the provisions of 15 U.S.C. § 1114.

46. Upon information and belief, Defendant has deliberately and willfully infringed Crayola's CRAYOLA Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and Crayola has been and will continue to be irreparably harmed by such infringement unless this Court enjoins Defendant from its continuing infringement pursuant to 15 U.S.C. § 1116.

47. As a result of Defendant's deliberate and willful infringement of Crayola's CRAYOLA Mark, Crayola is entitled to damages, Defendant's profits, attorneys' fees and costs, and any and all other relief authorized by 15 U.S.C. § 1117.

## Count 4 – Unfair Competition
## 15 U.S.C. § 1125

48. Crayola incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

49. Crayola uses its CRAYOLA Mark to identify it as the source of goods and services relating to art supplies and accessories including, without limitation, crayons, chalk, crayon sharpeners, markers, modeling clay, art kits, art supplies, art materials, and many others.

50. As a result of the facts alleged above, Crayola has developed its CRAYOLA Mark to be closely associated with, and is an indication of source of origin of, the goods and services rendered by Crayola. Crayola's CRAYOLA Mark has acquired a substantial and favorable reputation and goodwill in connection with the goods and services provided by Crayola.

51. Defendant's continued and unauthorized use of the CRAYOLA Mark in advertising is likely to, and upon information and belief is intended to, cause confusion or mistake or to deceive

as to the affiliation, connection or association of Defendant with Crayola or the possible origin, sponsorship or approval of Defendant's goods and services by Crayola.

52. Defendant's use of the CRAYOLA Mark is a misrepresentation that Defendant is affiliated with Crayola, which constitutes unfair competition with Crayola.

53. Upon information and belief, Defendant has deliberately and willfully committed acts of unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. Defendant's conduct has, and continues to, irreparably harm Crayola.

54. Unless Defendant is restrained and enjoined, Crayola will suffer further and irreparable damage for which Crayola has no full and adequate remedy at law. As a result of Defendant's deliberate and willful conduct, Crayola is entitled to damages, Defendant's profits, attorneys' fees and costs, and any and all other relief authorized by law.

### Count 5 - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER COMMON LAW

55. Crayola incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

56. Defendant's willful and deliberate acts constitute common-law trademark infringement, misappropriation of Crayola's goodwill, and unfair competition in Missouri and other states where Defendant sells, offers, and advertises his goods, including this District, and is a violation of the common law of Missouri, and laws of other states, by reason of which Crayola has suffered, and will continue to suffer, irreparable injury.

### Prayer for Relief

WHEREFORE, Crayola demands a judgment against Defendant and prays that this Court:

a. Preliminarily and permanently enjoin Alex Toys LLC and its agents, servants, employees, and attorneys and all persons in active concert or participation with it or acting for, with, by, through, or under it, from counterfeiting and infringing Crayola's CRAYOLA Mark; from unfair competition with Crayola; and from falsely designating the origin of Crayola's goods and services;

b. Order Defendant to deliver up for destruction to Crayola all unauthorized products and advertisements in its possession or under its control bearing any of Crayola's CRAYOLA Mark or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, pursuant to 15 U.S.C. § 1118;

c. Grant to Crayola, should Crayola so elect, an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each counterfeit mark for each type of good and service Defendant has willfully counterfeited and infringed;

d. Grant to Crayola an award and accounting of Defendant's profits, any damages sustained by Crayola, and that all profits or damages be trebled, the costs of this action, and Crayola's attorney's fees, pursuant to 15 U.S.C. § 1117;

e. Award Crayola punitive damages for Defendant's acts of unfair competition; and

f. Grant to Crayola such further relief as may be equitable and proper.

## Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Crayola hereby demands a trial by jury.

Dated: November 4, 2014                  Respectfully Submitted,

                                                                    s/ Scott R. Brown
                                                                    Scott R. Brown (Mo. Bar No. 51,733)
                                                                    HOVEY WILLIAMS LLP
                                                                    10801 Mastin Boulevard, Suite 1000
                                                                    84 Corporate Woods
                                                                    Overland Park, Kansas 66210
                                                                    T: (913) 647 – 9050
                                                                    F: (913) 647 – 9057
                                                                    srb@hoveywilliams.com

                                                                    ATTORNEYS FOR PLAINTIFF
                                                                    CRAYOLA PROPERTIES, INC; and
                                                                    CRAYOLA LLC.